Matthew M Schroeder

Xeld.Schroeder@gmail.com

7115 Shawn Ct

Gladstone, Oregon 97027-1119

971-204-1525

FILED 30 JUN '25 10:02 USDC-ORP

Plaintiff, Self-Represented Party

| UNITED STATES DISTRICT COURT |
| :---: |
| DISTRICT OF OREGON |
| PORTLAND DIVISION |

| | |
| --- | --- |
| SCHROEDER, MATTHEW, M<br>Plaintiff,<br><br>v.<br><br>PORTLAND REVENUE DIVISION<br>and PORTLAND METRO<br>Defendants, | Case No.: 3:25-CV-1126-IM<br><br>COMPLAINT |

1

Complaint 

## I. JURISDICTION

1. This Court has federal question jurisdiction under **28 U.S.C.. § 1331** for claims arising under the fourteenth amendment to the U.S. Constitution and **42 U.S.C . § 1983.**
2. The Court has supplemental jurisdiction over state law claims including violations of the Oregon Constitution and Metro Code, pursuant to **28 U.S.C . § 1367**.

## II. VENUE

1. Venue it proper under **28 U.S.C . § 1391(b)** as Defendants resides in and the events occurred in Clackamas, Washington, and Multnomah Counties, Oregon, within this judicial district.

## III. DIVISIONAL VENUE

1. Portland Division

## IV. PARTIES

1. Plaintiff, Matthew Schroeder, is a resident of Gladstone, Oregon, subject to the Metro Supportive Housing Services (SHS) tax.
2. Defendant City of Portland Revenue Division administers, collects, and enforces the SHS tax under **Metro Code 7.01.060** and an intergovernmental agreement with Metro.
3. Defendant Portland Metro is a metropolitan service district, organized under Oregon Revised Statues (ORS) Chapter 268 and a home rule charter, responsible for imposing the SHS tax under **ORS 268.505**.

## V. BASIS FOR FILING

1. Plaintiff files this complaint due to ongoing disputes with Defendants over the administration and enforcement of the SHS tax, which pose risks of future penalties (e.g., if Plaintiff's income exceeds $200,000 in 2025) and lack clear guidance on taxpayer and employer responsibilities, violating procedural due process.
2. Defendants failed to address systemic notification failures affecting over 20,000 taxpayers (**exhibit 14, 15, 19**), despite stipulating in 2022 to correct these issues via **Metro Code 7.06-1015 (Exhibit 10)**, which was not followed through.
3. Defendants' actions violate
    a. **Fourteenth Amendment due process** (Mullane v. Central Hanover Bank & Trust Co., 339 U.s> 306, 1950; Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 1978),
    b. **Oregon Constitution Article I, Section 1** (natural rights inherent to people)
    c. **Oregon Constitution Article 1, Section 32** (Taxes and duties; uniformity of taxation)
    d. **Oregon Constitution Article IX, Section 1** (uniform taxation throughout state), and
    e. **Metro Code 2.17.010(b)(2)** (ethical standards).

2

Complaint

4. Plaintiff exhausted administrative remedies including emails, phone calls, and a complaint filed in Oregon Tax Court but received no resolution, misleading information, no conferences of meaning, and no formal complaint process.
5. Plaintiff was unable to secure legal counsel despite contacting the Oregon State Bar, law firms, CPAs, and other resources, leaving Pro Se in the Federal District Court as the only avenue for redress.
6. Defendants' claim (December 31, 2024) that the Oregon Tax Court lacked jurisdiction (**exhibit 5**) necessitates this filing, as systemic issues persist, impacting Plaintiff's livelihood to include moving choices (property purchased in 2018, pre-SHS tax) and employment decisions (e.g., protesting Metro-area work, if I need to move jobs).
7. Defendants were aware of systemic issues (**Exhibit 14,15**) while Plaintiff was not subject to the tax until after Defendants claimed to have resolved the "emergency" Plaintiff was dealing with.
8. Defendants' practices disproportionately penalize taxpayers without access to counsel or clear legal, despite employer's responsibilities were outlined by district employers in **Metro Code 7.06-1015 (Exhibit 10, 14)**
9. Although Defendants are not required to explain the tax, their advertised willingness to answer questions (**Exhibit 12**) leads to misinformation, undermining Plaintiff's ability to minimize penalties and understand tax obligations.
10. Under a social construct. Plaintiff asserts a right to understand responsibilities and obligations, even for a "voluntary" tax.
11. Defendants deny wrongdoing despite Plaintiff's exhaustive efforts to seek accountability and clarity.
12. Defendants must operate under good ethics under **Metro Code 2.17.010(b)(2)**. I have yet to meet a peer that sided with defendants throughout Oregon and southern Washington (to include persons who left due to "dumbness" in taxes) in my situation.
13. Metro's home rule charter requires citizens to vote "rather than grant of power from a legislature or some other body". Collection and enforcement were never voted by citizens. (**Exhibit 32**)
14. Plaintiff has only had one peer tell me not to file a complaint, his reasoning was because it was a small penalty and that I don't owe the tax if I used an actual CPA (misconception I attempted to explain to him). Majority of my peers (people all over the state that I meet during my job) agree that I should file a complaint or have generic negative sentiment on taxes. I prefer principle over cost and firmly believe my rights were violated and unethical practices were used that Defendant is aware of.
15. Plaintiff is using court as a last-ditch good faith effort to maintain my livelihood in the state, accountability of Defendants, and fair treatment for all tax payers vice moving and ignoring the systemic issues.

## VI. STATEMENT OF FACTS

1. On June 21, 2024, Plaintiff received a notice from Portland Revenue Division stating I may owe the Metro SHS tax, with the instructions to disregard if paid. Believing it was an error (having paid the 2023 SHS tax on Feb 19,2024) and hearing about double

3

billing, scams posing as government on the radio, and that it could be because of an error on their part.
2. August 5, 2024, Plaintiff received another notice. Now Plaintiff emailed Defendants, questioning the tax since I assumed I paid it already. On August 27, 2024 (22 days later) Defendant clarified the notice was for 2022 tax, not 2023 tax. Plaintiff paid my calculated bill for 2022 with the payment portal indicating $0 owed.
3. On Sept 30, 2024, Plaintiff received a notice assessing $34.63 in penalties and interests for 2022. Plaintiff emailed Defendants the same day of opening the letter seeking clarification. Defendant responded October 21, 2024 (21 day response time), initiating Plaintiff's effort to understand the tax's origins, its omission from TurboTax filings, and why it was overlooked.
4. Plaintiff discovered that his employer, meeting criteria under **Metro 7.06-1015-Witholding requirements (exhibit 10)** now currently **7.06-1020 (exhibit 8)** was responsible for notifying him of the tax, as it:
    a. Pays wages to employees for service performed within the district; and
    b. Has a physical location within the district
    c. Plaintiff believes Defendants acted in bad faith by penalizing him for employer non-compliance, violating **Oregon Constitution Article IX, section 1**'s uniform taxation requirement. As Plaintiff was not offered uniform collection process via third party as dictated by **Metro code 7.06-1015 (Exhibit 10)**.
5. On Oct 21, 2024, Plaintiff called Defendants, speaking with "Jeremey", who stated taxes are solely the taxpayer's responsibility. During the conversation with Jeremy, they told me taxes are the full responsibility of the taxpayer. He also dropped my call for 5 minutes, but the line never hung up. So eventually he picked up again and luckily, I did not have to explain anything again. As I could tell the conversation was getting nowhere, I went back to a paper trail through emails. The person on the call did clearly state that they would inform individuals that I called about my tax issue. The total call time was 18 minutes. **(Exhibit 7)**
6. On November 18, 2024, Defendants provided misleading information, stating, "Regarding your employer notifying you about the ability to withhold, you can read about employer responsibilities
here:

Basically, if they're in jurisdiction they have to withhold if you earn more than $200,000 per year. If you earn less, they have to withhold if you ask them to. If they are not in jurisdiction, they do not have to withhold but can do so as a courtesy." **(Exhibit 5)**
7. On Nov 18, 2024. Defendant finally gave me the appeal process via email (59 days since dated notice).
    a. "ORS 3005.860 (1)(a-d) are basic procedures on how to appeal which are covered in the Metro code you cited, 7.05.160. I don't show that you've submitted a written request anywhere that indicates a formal protest, just basic questions in the email exchange so far asking what the extra charges on your account were and why they were assessed." – Patricia Ferdig – Revenue and Tax Specialist V

4

Complaint

    b. A reasonable person could tell from my emails that I was wanting to have counsel, appeal, or correct information on why Plaintiff owed the penalties and interests. As defendant seemed to expect I'd file an appeal when the following criteria occurred 1. the discrepancies on how I read the tax code and what they told me 2. Clear 30 day deadline on **Metro code 7.05.160(a)** on generic anything (now day 59) 3. Appeal process **Metro code 7.05.160(i)** dictated for penalty waiver or reduction requests (also 30 day deadline) 4. I was never able to schedule a conference with Administrator 5. The Administrator never gave written notice of any extension. 6. Plaintiff still did not understand the tax codes and responsibilities 7. If following under **Metro code 7.05-160** (a) or (i) as (a) talks about everything but (i) states penalties are not part of (a). Meaning I'd have to use both I'd assume.

        i. Intent of due process – "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U. S. 457; Grannis v. Ordean, 234 U. S. 385; Priest v. Las Vegas, 232 U. S. 604; Roller v. Holly, 176 U. S. 398. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U. S. 71. But if, with due regard for the practicalities and peculiarities of the case, these conditions are reasonably met, the constitutional requirements are satisfied." - Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)

8. On Nov 19, 2024, Defendant claimed primary notification of your tax requirement was in 2020 **(Exhibit 5)** when Oregon Metro voters approved a ballot. They also have articles (**Exhibit 22**) that said they informed employers, tax attorneys, and CPAs so that they would not alarm the normal community member of a tax they didn't need to pay. This treated Plaintiff differently from others notified via 2022 employer opt-in forms (**Metro Code 7.06-1015**)
9. On Nov 19, 2024, Plaintiff claimed I believe my taxpayer rights have been violated. At this time expecting they are entitled to follow Oregon Taxpayer Bill of Rights (**ORS305.860-900**). Plaintiff assumed Defendant would adopt similarly to state collection and enforcement practices.
10. **Metro Code 7.05.030** and **City of Portland 7.02.020** Conformity to State Income Tax Laws require conformity with state income tax laws.
11. Plaintiff currently has no idea what local income governments under a Metro charter are required to conform with under ORS and Plaintiff is still unable to find legal counsel or gather information to understand this dilemma; as Plaintiff assumed conform means to operate similarly and just replaced state revenue service with local revenue service.
12. On Dec 25th, 2024 Plaintiff filed a formal complaint in the Oregon Tax Court, alleging unfair treatment and misinformation **(Exhibit 23)**. Plaintiff was comfortable filing here

without a lawyer as Plaintiff read that there is a case management meeting where Plaintiff was expecting to have a neutral 3rd party involved so Defendants couldn't misinform Plaintiff again.
13. On Dec 31, 2024
    a. Defendant was unaware of the Oregon taxpayer bill of rights. **(Exhibit 5)** They also claimed that the IRS nor the State of Oregon have jurisdiction over the Metro area.
    b. Plaintiff's first time seeing the actual Met-40 instructions and tax form. Prior to this date, Plaintiff would hit the pay Metro SHS tax and fill in the statements they asked for.
    c. Plaintiff also for the first time while rereading all emails, realized that they were asking me for my tax form for year 2023 in their initial email dated Oct 21, 2024.
14. On Feb 12, 2025, the Oregon Tax Court held the case management hearing. Defendants' attorney, Ken McGair, was unaware of Plaintiff's prior communications (Plaintiff takes responsibility for this as I misread exhibit protocol and only filed online). I was happy to have received a 3rd party conversation, but nothing new was learned or able to be discussed. The judge was unfamiliar with whether he had jurisdiction on the case (**ORS 305.410**) as this was his first time having an issue brought to him (I assume most people would leave metro area as you can't find legal help). Sadly during the case management conference, their attorney kept saying I did not go through their proper appeal process and said I talked to the wrong individuals. Plaintiff informed the judge that I have been lied to consistently (misinformed or avoided information is what lied in this context means) and that I did contact correct individuals and more.
15. Judge, Defendants, and Plaintiff agreed to converse outside of court and dismiss the case as the other option would be Regular division. At this time Plaintiff:
    a. Still wanted to find legal counsel before going to regular or district court
    b. Still not confident in legal aspects
    c. Wanted to see if there were other routes I could exhaust first
    d. Expected good faith as they were forgiving my penalties and interests
    e. Was expecting to get clear answers and from Defendant to understand the tax code and process better
16. On Feb 19, 2025, Plaintiff emailed Defendants' attorney, outlining systemic issues and providing exhibits from Oregon Tax Court
17. On Feb 20, 2025, Plaintiff was sent a settlement letter that outlined forgiving my penalties and interests while they were to refund me my penalties and interest upon submitting my 2023 tax filing and 2024 taxes (I submitted it like I did for 2022 as they said I filed that one correctly from my understanding). With no other stipulations on the settlement.
    a. If there was any other stipulations that would've barred me from seeking accountability, Plaintiff would not have signed it and Plaintiff likely would've moved away and told them to only contact me with a 3rd party as they have lost all faith and a court hearing.


without a lawyer as Plaintiff read that there is a case management meeting where Plaintiff was expecting to have a neutral 3rd party involved so Defendants couldn't misinform Plaintiff again.
13. On Dec 31, 2024
    a. Defendant was unaware of the Oregon taxpayer bill of rights. **(Exhibit 5)** They also claimed that the IRS nor the State of Oregon have jurisdiction over the Metro area.
    b. Plaintiff's first time seeing the actual Met-40 instructions and tax form. Prior to this date, Plaintiff would hit the pay Metro SHS tax and fill in the statements they asked for.
    c. Plaintiff also for the first time while rereading all emails, realized that they were asking me for my tax form for year 2023 in their initial email dated Oct 21, 2024.
14. On Feb 12, 2025, the Oregon Tax Court held the case management hearing. Defendants' attorney, Ken McGair, was unaware of Plaintiff's prior communications (Plaintiff takes responsibility for this as I misread exhibit protocol and only filed online). I was happy to have received a 3rd party conversation, but nothing new was learned or able to be discussed. The judge was unfamiliar with whether he had jurisdiction on the case (**ORS 305.410**) as this was his first time having an issue brought to him (I assume most people would leave metro area as you can't find legal help). Sadly during the case management conference, their attorney kept saying I did not go through their proper appeal process and said I talked to the wrong individuals. Plaintiff informed the judge that I have been lied to consistently (misinformed or avoided information is what lied in this context means) and that I did contact correct individuals and more.
15. Judge, Defendants, and Plaintiff agreed to converse outside of court and dismiss the case as the other option would be Regular division. At this time Plaintiff:
    a. Still wanted to find legal counsel before going to regular or district court
    b. Still not confident in legal aspects
    c. Wanted to see if there were other routes I could exhaust first
    d. Expected good faith as they were forgiving my penalties and interests
    e. Was expecting to get clear answers and from Defendant to understand the tax code and process better
16. On Feb 19, 2025, Plaintiff emailed Defendants' attorney, outlining systemic issues and providing exhibits from Oregon Tax Court
17. On Feb 20, 2025, Plaintiff was sent a settlement letter that outlined forgiving my penalties and interests while they were to refund me my penalties and interest upon submitting my 2023 tax filing and 2024 taxes (I submitted it like I did for 2022 as they said I filed that one correctly from my understanding). With no other stipulations on the settlement.
    a. If there was any other stipulations that would've barred me from seeking accountability, Plaintiff would not have signed it and Plaintiff likely would've moved away and told them to only contact me with a 3rd party as they have lost all faith and a court hearing.

18. On Feb 21, 2025, Plaintiff sent signed settlement letter (**Exhibit 16**). Plaintiff was able to submit 2024 Metro SHS tax through typical means of 14 years of filing income tax which was Turbo Tax.
19. On Mar 10, 2025, I still did not receive a response to items referenced on Feb 19th, so I asked directly to metro SHS (**Exhibit 5**). They continued to ignore metro code 7.06-1015(3)(b) and told me to contact a tax professional or lawyer on how to interpret these rules and policies.
20. Plaintiff sought help since then (not all inclusive)
    a. OR state bar a second time (first was to try and get help before filing in magistrate court). They gave me the same contact in Eugene that said they do not do what I asked.
    b. Reached out to Samuels Yoelin Kantor – Stated they were conflicted as of April 17, 2025
    c. Reached out to -                           – No response.
    d. Contacted my work's assistance helpline that helps with laws, finances, therapy, etc. The first time they said they couldn't help. The second time they referred me to 5 people.
        i. Clackamas Income Tax & Accounting – too busy call in 2 months
        ii. Plus Minus – recommend others as they couldn't help
            1. MCMNAMER – MCMNAMER AND COMPANY 503-727-2500
            2. LAW OFFICE OF JONATHAN MISHKIN (already reference iv)503-274-7849
            3. SAMUELS YOLEN CANTER ATTONREYS AT LAW FIRM $600/HOUR but later emailed they don't help 503-226-2966
        iii. Brown & Bakondi CPA Group
        iv. The Law Office of Jonathan D. Mishkin
        v. Law Office Of Wendell L. Belknap
21. On June 9th, 2025, Plaintiff emailed Defendants, alleging constitutional violations, unethical, and abusive practices including: (**Exhibit 6**)
    a. Unresolved due process issue
    b. Lack of clarity as questions that are still not answered:
        i. Lack of clarity on employer withholding responsibilities if income exceeds $200,000/year (that I was hoping to have answered) before the first quarterly estimates are due on April 15th?
            1. I have a high likelihood of going over $200,000 this year, especially now:
                a. The company is paying off PTO accrual this year
                b. My current employer is undermanned and backed up meaning I'll need to be working 50 to 70 hour work weeks (all work outside Portland Metro area).
        ii. How do you obtain a letter that confirms contact with Defendants?

7

   iii. What was the purpose of the 2022 employer responsibility if taxpayers still get penalized and there is no remedy to get rid of interests?
     1. Online resources consistently shows only penalties were waived **(Exhibit 14, 15)**
   iv. Defendants' knowledge of Metro Code they are enforcing
     1. **City of Portland Revenue Division Nov 18, 2024: (Exhibit 5)**
      Regarding your employer notifying you about the ability to withhold, you can read about employer responsibilities here:

      Basically, if they're in jurisdiction they have to withhold if you earn more than $200,000 per year. If you earn less, they have to withhold if you ask them to. If they are not in jurisdiction, they do not have to withhold but can do so as a courtesy. - Patricia Ferdig – Revenue and Tax Specialist V
     2. **Portland Metro June 3, 2025: (Exhibit 6)**
      Under the Metro Supportive Housing Services (SHS) tax regulations, employers within the Metro district are required to provide employees with an opt-in/opt-out form for tax withholding. This requirement is part of the employer's responsibility to offer withholding of the SHS personal income tax to employees. <u>I've attached the form for you to present to your employer</u>.

22. On June 3rd, 2025 Portland Metro answered the question that City of Portland Revenue Division continued to ignore. Question was, "Why have I still not been offered an opt-in form from my employer?" **(Exhibit 6)**
  a. Under the Metro Supportive Housing Services (SHS) tax regulations, employers within the Metro district are required to provide employees with an opt-in/opt-out form for tax withholding. This requirement is part of the employer's responsibility to offer withholding of the SHS personal income tax to employees. <u>I've attached the form for you to present to your employer</u>.
23. City of Portland Revenue Division and Portland Metro area inferred it is taxpayer responsibility to
  a. Inform my employer of the tax (employer informed me that city of Portland's revenue division never informed my employer to this date even though multiple media reports they have been informing)
   i. Article from wweek Says metro, "would work with city of Portland's revenue division to notify taxpayers, accounting and tax software firms, employers, and so on about annual adjustments to income exemption levels." **(Exhibit 24)**
  b. Report my employer without knowing clear guidance on why I'm reporting them and how it affects me

8

Complaint

    c. Take money out of my own paycheck for quarterly dues when code places responsibility on district employers
    d. Estimate if I will be making over $200,000/year when my pay fluctuates heavily on 1. Overtime 2. If I'm willing to work on weekends 3. Needs of customers

## VII. CLAIMS

1. **First Cause of Action: Violation of Fourteenth Amendment Procedural Due Process (42 U.S.C. § 1983)**
   a. Plaintiff incorporates paragraphs 1-23 by reference.
   b. Defendants, acting under color of state law, deprived Plaintiff of property (e.g. $34.63 penalties, risk of future penalties) without due process violating the **Fourteenth Amendment** and **42 U.S.C. § 1983.**
   c. Defendants failed to provide notice "reasonably calculated" to inform Plaintiff of SHS tax obligations (Mullane V. Central Hanover Bank, 339 U.S. 306, 1950) relying on a 2020 ballot measure and failing to enforce employer notification (**Metro Code 7.06-1015**).
   d. Defendants provided misleading information after contacting "contact us" on the notice of deficiency. (**Exhibit 1**) and no formal complaint process, denying Plaintiff a meaningful opportunity to be heard (Memphis Light, Gas & water Div. V. Craft, 436 U.S. 1, 1978)
   e. These actions cause financial loss, emotional distress, and ongoing risk of penalties.

2. **Second Cause of Action: Violation of Oregon Constitution Article I, Section 1 (Equal Protection)**
   a. Plaintiff incorporates paragraphs 1-23 by reference.
   b. Defendants' unequal application of the SHS tax (e.g., penalizing Plaintiff while waiving penalties and interests for others in 2021-2022, ignoring employer duties) violates **Article I, Section 1**'s guarantee of equal protection under Oregon law.
   c. This caused Plaintiff disparate treatment, financial harm, and distress.

3. **Third Cause of Action: Violation of Oregon Constitution Article IX, Section 1 (Uniform Taxation)**
   a. Plaintiff incorporates paragraphs 1-23 by reference.
   b. Defendants' non-uniform administration (e.g., inability to file tax via TurboTax, inconsistent notice, employer non-compliance) violates **Article IX, section 1**'s requirement for uniform taxation rules, harming Plaintiff through penalties and uncertainty.

4. **Fourth Cause of Action: Violations of Metro Code 2.17.010(b)(2) (Ethical Standards)**
   a. Plaintiff incorporates paragraph 1-23 by reference.
   b. Defendants' failure to uphold "high ethical standards" (e.g. misleading information, ignoring systemic issues affecting 20,000 taxpayers) (**Exhibit 26**)

violates **Metro Code 2.17.010(b)(2)**, causing Plaintiff harm and undermining public trust.

## VIII. RESPONSES TO POTENTIAL DEFENSES

1. **DEFENSE: Failure to exhaust administrative remedies (metro code 7.05.160)**
    a. Notice instructed Plaintiff to contact Defendant via email or phone, omitting appeal process. A generic URL for more information was provided. (**exhibit 1**)
    b. Plaintiff prefers to understand why things occur that Defendant continued to provide misleading responses and lack of clear information. Here are some examples of me doing my due diligence in normal life.
        i. Look at my grocery receipts after checkout before I leave the store then talk with an employee if anything is different from what I expected to pay.
        ii. Look at manufacture's published manuals when manufactures tell clients how items work. Manufacturers tell clients wrong information often, potentially making false sense of safety to clients.
        iii. Contacted a contractor doing work about how their bill for tax rebate differs from what I'm allowed to enter on the rebate website. (Attic insulation for PGE rebate)
        iv. Following a specific chapter 11 bankruptcy case and being prepared to through a fit if something looks against Plaintiff's limited knowledge of codes/laws. As Plaintiff has used $20,0000 to buy securities, now considered worthless, when fraud and other situations was likely involved. Currently they are over 2 years in the process and have come up with multiple confidential settlements to include board members and shipping corporations.
    c. Appeal process states any written request within 30 days (all occurred within 30 days)
        i. Plaintiff's attempt to understand why penalties and interests were assessed while clearly identifying letter ID and voucher ID to identify taxpayer. (**Exhibit 5**)
        ii. Defendant claimed each citizen is expected to know and understand tax obligations and to consult a tax professional if I need help. (**Exhibit 5**)
            1. Still can not find a tax professional for explanation to this date
        iii. On Oct 21, 2024 Plaintiff claimed they wanted to file a formal complaint and does not intend on paying until we have a court hearing
        iv. On Oct 21, 2024 Plaintiff claimed they were not part of the Portland Metro area (as I did not grow up here and even locals aren't familiar with all Metro boundaries I believed was true at the time)

Cornplaint

- v. On Oct 28, 2024 (day 38 from dated notice) Plaintiff asks about employer's responsibilities, taxpayer bills of rights, appeal process while stating a court hearing or counsel would be great for clarification.
        d. Plaintiff believes the appeal process lacks accountability without third-party oversight.
2. **DEFENSE – Lack of Jurisdiction (ORS 305.410, 305.620) (claim of Patricia Ferdig dated Dec 31, 2024)**
        a. Defendants' claim of Oregon Tax Court not having jurisdiction and the Tax Court's Jurisdictional uncertainty by judge and me reviewing **ORS 305.410(3)** I came to believe Oregon Tax Court did not have jurisdiction over this matter
              i. The case management conference did help by finally contacting the Defendant as Plaintiff did not receive any letters after this in the mail.
        b. ORS 268.505 requires local taxes to align with state laws unless exempted by Metro's charter, and federal courts may review due process violations (Mullane).
        c. Plaintiff exhausted local and state remedies by attempting any kind of investigation or counsel to explain to me how they did not violate my rights, are able to lie on official letters, and get information that should be easily available to a taxpayer as Plaintiff prefers not to get penalized again by **(Exhibit 6)**
3. **DEFENSE – Settlement Mootness (Feb 20, 2025)**
        a. The settlement waived $34.63 without addressing systemic notice issues or future risks (e.g., 2025 penalties if income exceeds $200,000)
        b. Defendant continued ignoring **Metro Code 7.06-1015 (now 7.06-1020)** and any wrongdoing, leaving Plaintiff's questions and explanations unanswered
        c. Ongoing harm (e.g., lost wages, distress, lack of clarity) keeps the case live.
4. **DEFENSE  - Adequate Communication and Flexibility**
        a. Plaintiff lost trust due to Defendants' denial of **Metro Code 7.06-1015** and false claims of non-contact despite over 30 communications.
        b. Vague notices ("may owe") and a 10-minute phone call with multi minute dead noise **(Exhibit 7)** hindered resolution, necessitating a Tax Court complaint and now a federal court question.
5. **DEFENSE – Tax Injunction Act (28 U.S.C. § 1341)**
        a. Plaintiff incorporates **Defense 2 (a)**
        b. Defendants administration does not have a remedy to correct and puts Plaintiff at risk of having to move to correct issue.
        c. Plaintiff's federal constitutional claims (due process) fall outside the TIA's scope when state and local remedies are deficient.

**IX. REQUEST FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests:**

11

Complaint

- **Declaratory Relief:**
    - A declaration that Defendants violated Oregon Constitution article 1 section 1
    - A declaration that Defendants violated Oregon Constitution article 1 section 32,
    - A declaration that Defendants violated Oregon Constitution article IX section 1.
    - A declaration that Defendants violated the fourteenth amendment's due process clause by failing to provide adequate notices.
    - A declaration that Defendants violated Metro Chapter 2.17.010.b(2) (ethical standards)
    - A declaration that Portland Metro is responsible for City of Portland - Revenue Division SHS tax collection, administrative, distribution, and enforcement policies.
    - A declaration that Metro charter is a home rule charter that operates under citizens leadership
    - A declaration that Metro and City of Portland must comply with the Oregon Taxpayer Bill of Rights (ORS 305.860-900) when taxing non-residents of Portland Metro
- **Injunction Relief**
    - An order prohibiting Defendant from collecting SHS tax from persons under Metro Code 7.05 and 7.06 until compliance with Oregon standard requirements utilizing metro code 7.05.320 severability. With expected resolutions:
        - Notice of debt meeting ORS 305.265 deficiency standards
        - Letters tailored to individual taxpayer status with clear processes to take
        - A feedback form for reporting substandard practices listed on letters
    - A permanent injunction requiring Defendants to establish a formal complaint process
    - A permanent injunction requiring Defendants to provide taxpayer resources (e.g., legal counsel) for niche tax disputes when conflicts exist.
    - A permanent injunction requiring Defendant to refund all SHS tax penalties and interests since 2020 and waive penalties/interests for first-time payments after notice of any deficiencies.
- **Monetary Damages for: (Exhibit 3)**
    - Lost wage recovery
    - Emotional distress
    - Costs associated with this action and prior filing actions
    - Refund of settlement $34.63 within 30 days of Court order.
- Any further relief the Court deems just and proper.

## X. CERTIFICATION

I certify that the foregoing is true and correct to the best of my knowledge.

Date: June 30, 2025

Signature: ~~/~

Matthew M. Schroeder

7115 Shawn Ct, Gladstone OR, 97027-1119

971-204-1525

Xeld.Schroeder@gmail.com