# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MATTHEW M. SCHROEDER**, | Case No. 3:25-cv-01126-IM |
| Plaintiffs, | **OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| **PORTLAND REVENUE DIVISION**, and **PORTLAND METRO**, | |
| Defendants. | |

Matthew M. Schroeder, Gladstone, OR. Pro Se.

Darlene Pasieczny, Valerie Sasaki, and Timothy J. Resch, Samuels Yoelin Kantor, LLP 111 SW 5th Avenue, Suite 3800 Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Plaintiff Matthew M. Schroeder ("Plaintiff") brings this action against Portland Revenue Division and Portland Metro (collectively "Defendants"), challenging administration of the Metro Supportive Housing Services Tax ("Metro SHS Tax"). First Amended Complaint ("FAC"), ECF 33.

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Defendants filed a Motion to Dismiss for Failure to State a Claim and Lack of Subject-Matter Jurisdiction ("MTD"), ECF 34. Plaintiff filed a Response in Opposition (Opp'n), ECF 36, to which Defendants replied ("Reply"), ECF 37.

For the reasons set forth below, this Court concludes that it lacks subject-matter jurisdiction over Plaintiff's remaining[1] claims. Defendants' Motion to Dismiss, ECF 34, is granted.

## BACKGROUND[2]

Plaintiff brings claims based on the imposition of a local tax, the Metro Supportive Housing Services personal income tax. FAC, ECF 33 ¶ 5. The Metro SHS Tax is administered by Defendant Portland Revenue Division under an agreement with Defendant Portland Metro ("Metro"). *Id.* ¶¶ 5–6. Plaintiff alleges Defendants deprived him of property interests without affording him constitutionally adequate procedural due process. *Id.* ¶ 8.

On September 20, 2024, Defendants issued Plaintiff a notice assessing $34.63 in penalties and interest for the 2022 tax year. *Id.* ¶ 11. The notice directed Plaintiff to an email address, phone number, and links to "generic URLs." *Id.* Plaintiff alleges that he emailed Defendants "expressing clear disagreement" and sought "clarification and correction." *Id.* ¶ 13. Plaintiff alleges that in later communications, Defendants "provided misleading and internally inconsistent responses" and that "[n]o meaningful conversation [between the parties] ever occurred." *Id.* ¶¶ 14, 15. Plaintiff also describes a dispute with a third-party employer. *See id.* ¶

---

[1] In his First Amended Complaint, Plaintiff also brought a third claim for breach of settlement agreement, FAC, ECF 33 ¶¶ 31–32, which the parties have settled. *See* Stipulated Motion to Dismiss, ECF 38; Partial Final Judgment, ECF 39.

[2] For purposes of the motion to dismiss, this Court takes Plaintiff's allegations, summarized here, as true.

PAGE 2 – OPINION AND ORDER GRANTING MOTION TO DISMISS

16. Plaintiff alleges that Defendants' actions caused his "forced resignation, blacklisting by a former employer, lapse of professional certifications, liquidation of retirement assets at substantial tax penalty, and compelled relocation out of state." *Id.* ¶ 20. Plaintiff filed a complaint in the Oregon Tax Court, and Defendants executed a settlement agreement with Plaintiff on February 21, 2025. *Id.* ¶¶ 18, 24. On June 30, 2025, Plaintiff filed his initial complaint in this action. Complaint, ECF 1.

Plaintiff brings two damages claims under 18 U.S.C. § 1983: (1) a Fourteenth Amendment procedural due process claim, *id.* ¶¶ 21–27, and (2) a *Monell* liability claim premised on the same alleged procedural due process violations, *id.* ¶¶ 28–30.[3] Plaintiff alleges that Defendants "fail[ed] to provide constitutionally adequate notice and a meaningful opportunity to be heard before imposing and enforcing monetary penalties and interest with threats of civil fines." *Id.* ¶ 22.

Defendants move to dismiss this action, arguing that this Court is barred from asserting subject-matter jurisdiction over Plaintiff's procedural due process claims due to the Tax Injunction Act, 28 U.S.C. § 1341, which limits federal courts' ability to hear taxpayer challenges where sufficient remedies exist in state courts. Alternatively, Defendants argue that Plaintiff fails to plead sufficient facts to show constitutional violations, and thus, does not state claims for relief under 42 U.S.C. § 1983.

---

[3] In his First Amended Complaint, Plaintiff also brought a third claim for breach of settlement agreement, FAC, ECF 33 ¶¶ 31–32, which the parties have settled. *See* Stipulated Motion to Dismiss, ECF 38; Partial Final Judgment, ECF 39.

PAGE 3 – OPINION AND ORDER GRANTING MOTION TO DISMISS

## STANDARDS

"Federal courts are courts of limited jurisdiction" and are presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction thus bears the burden of establishing subject-matter jurisdiction. *Id.*

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. A Rule 12(b)(1) jurisdictional challenge may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Facial attacks require the court to assume all allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A factual attack, by contrast, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint. *Id.*

Plaintiff is self-represented, so the Court will construe his pleadings liberally and afford him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

## DISCUSSION

This Court first addresses whether Plaintiff's claims fall under the Tax Injunction Act's restriction on federal district court jurisdiction. Concluding that they do, this Court then addresses whether Oregon law offers a plain, speedy and efficient remedy. This Court finds that Oregon law does offer a sufficient remedy, and therefore, the Tax Injunction Act bars this Court from asserting jurisdiction over Plaintiff's claims. Finally, this Court addresses whether Plaintiff

PAGE 4 – OPINION AND ORDER GRANTING MOTION TO DISMISS

should be granted leave to again amend his complaint and concludes that amendment would be futile.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Because this Court grants Defendants' motion based on lack of subject-matter jurisdiction, this Court declines to address whether Plaintiff fails to state a claim.

## A.  Motion to Dismiss for Lack of Jurisdiction

Defendants argue that the Tax Injunction Act bars this Court from asserting jurisdiction over Plaintiff's claims. MTD, ECF 34 at 9–15. Plaintiff argues that the Tax Injunction Act does not apply because a "plain, speedy and efficient" remedy is lacking. Opp'n, ECF 36 at 4, 6–7. As explained below, this Court finds that the Tax Injunction Act applies to Plaintiff's claims and that Oregon law offers a plain, speedy and efficient remedy.

### 1.  Tax Injunction Act, 28 U.S.C. § 1341

The Tax Injunction Act ("TIA") requires that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976). The Supreme Court has "interpreted and applied the Tax Injunction Act as a 'jurisdictional rule' and a 'broad jurisdictional barrier.'" *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825 (1997) (quoting *Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation,* 425 U.S. 463, 470 (1976)); *see Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 113–16 (1981) (holding the TIA prohibited an award of damages under § 1983). "[T]he dispositive question in determining whether the Tax Injunction Act's jurisdictional

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO DISMISS

bar applies is whether the plaintiff's action, if successful, would reduce the flow of state tax revenue." *Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1184 (9th Cir. 2006).

As a threshold matter, Plaintiff's procedural due process claims fall within the scope of the Tax Injunction Act. Plaintiff raises procedural due process claims based on how Defendants assessed taxes he owed under the Metro SHS Tax. The parties do not appear to dispute that the Metro SHS Tax is a tax within the meaning of the TIA. MTD, ECF 34 at 12; *see generally* Opp'n, ECF 36. While Plaintiff asserts that his claims "are not about the validity or amount of the Metro SHS tax," Opp'n, ECF 36 at 2, styling a claim as challenging administration of a tax cannot avoid the TIA's jurisdictional bar. *See, e.g., Donaldson v. Williams*, No. 2:12-cv-80-SU, 2012 WL 5398307, at *8–11 (D. Or. Sept. 6, 2012), *report and recommendation adopted*, 2012 WL 5398217 (D. Or. Nov. 2, 2012) (finding challenges to counties and the state of Oregon's conduct in administering tax assessment fall within TIA's jurisdictional limitation). "What [P]laintiff seeks . . . is this court's interference with [Defendants'] tax assessment and collection process." *Numrich v. Harchenko*, No. 04-1106-KI, 2005 WL 839631, at *2 (D. Or. Apr. 8, 2005). If Plaintiff were to prevail in this action, it "would reduce the flow of state tax revenue" by awarding Plaintiff damages based on how the Metro SHS Tax was administered. *Qwest Corp.*, 434 F.3d at 1184. Therefore, this Court lacks subject-matter jurisdiction unless Plaintiff can establish his claims fall under the TIA's plain, speedy and efficient remedy exception. *See Numrich*, 2005 WL 839631, at *2.

2. **Plain, Speedy and Efficient Remedy**

The statutory language "where a plain, speedy and efficient remedy may be had in the courts of such State" is known as the TIA's "plain, speedy and efficient" exception. 28 U.S.C. § 1341. In order for the TIA's jurisdictional prohibition to apply, "the state court remedy need only meet 'certain minimal procedural criteria.'" *Lowe v. Washoe County*, 627 F.3d 1151, 1155 (9th

PAGE 6 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Cir. 2010) (emphasis omitted) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981)). In other words, courts must "narrowly construe[]" this exception. *Patel v. City of San Bernardino*, 310 F.3d 1138, 1142 (9th Cir. 2002) (citing *California v. Grace Brethren Church*, 457 U.S. 393, 413 (1982)). To be plain, speedy and efficient, a state's remedy "need not be the best remedy available" or equivalent to "the remedy which might be available in the federal courts." *Lowe*, 627 F.3d at 1155–56 (citation modified). Rather, the Ninth Circuit has defined a plain, speedy and efficient remedy as one "that provides taxpayers with a full hearing and judicial determination where they can raise all objections to the tax as well as a scheme that allows taxpayers to pay the tax under protest and then appeal to the state for a refund." *Averett v. Dep't of Revenue*, No. 3:25-cv-05362-TL, 2025 WL 3677135, at *5 (W.D. Wash. Dec. 18, 2025) (*citing Online Merchs. Guild v. Maduros*, 52 F.4th 1048, 1052–53 (9th Cir. 2022)).

Portland Metro ("Metro") is the taxing jurisdiction that imposes the Metro SHS Tax, and the City of Portland acts as Metro's tax administrator.[4] *See* FAC, ECF 33 ¶¶ 5–6; MTD, ECF 34 at 6. The Metro Code governs disputes regarding the Metro SHS Tax. Metro Code § 11.01 (Portland Area Metropolitan Service District 2026); *see* MTD, ECF 34 at 7. In relevant part, a taxpayer "must file a written request with the Administrator detailing why a penalty should be waived within 30 days of receipt of a billing notice that assesses a penalty" and the City "must respond to requests to reduce or waive penalties within 60 days from the date the written request is received." Metro Code § 7.05.160(i). Among other tools, the City has the authority to waive all or any part of a penalty imposed due to underpayment of a tax. *Id.*

---

[4] To resolve Defendants' motion to dismiss for lack of subject-matter jurisdiction, this Court may review evidence beyond the four corners of Plaintiff's First Amended Complaint. *See Meyer*, 373 F.3d at 1039.

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO DISMISS

If unsatisfied with the City's initial administrative determination, a taxpayer may seek further review. The first level of appeal is to the City's Revenue Division Appeals Board ("RDAB"). *See* MTD, ECF 34 at 6; *Salar v. Metro. Serv. Dist.*, No. TC-MD 250167R, 2025 WL 2731336, at *1 (Or. T.C. Sept. 24, 2025). A taxpayer must appeal to the RDAB initially, and if unsuccessful, may appeal to the Oregon Tax Court Magistrate Division. O.R.S. 305.275(1) (A taxpayer "aggrieved by . . . [a] local government in its administration of a tax" may appeal "to the magistrate division of the Oregon Tax Court . . . if the person first exhausts all administrative remedies provided before the local government."). The next level of appeal is to the Regular Division of the Oregon Tax Court. O.R.S. 305.501(5)(a) ("Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court within 60 days after the date of entry of the written decision."). If still unsuccessful, a taxpayer may appeal to the Oregon Supreme Court. O.R.S. 305.445 ("Upon such appeal and review, the Supreme Court shall have power to affirm, modify or reverse the order or decision of the tax court appealed from, with or without remanding the case for further hearing, as justice may require.").

Plaintiff does not allege that he appealed to the RDAB. Rather, Plaintiff filed a complaint in the Oregon Tax Court Magistrate Division. FAC, ECF 33 ¶ 24; *see* Opp'n, ECF 34 at 2–3. Despite Plaintiff's apparent procedural default, Defendants executed a settlement agreement with Plaintiff on February 21, 2025. FAC, ECF 33 ¶ 18. On June 30, 2025, Plaintiff filed this federal action. Complaint, ECF 1.

Defendants admit that the challenged "Metro SHS Tax is relatively new, and we do not have a body of case law that directly addresses the administrative and Tax Court procedures for challenges to that tax." MTD, ECF 35 at 14. However, this Court finds that Defendants have met

PAGE 8 – OPINION AND ORDER GRANTING MOTION TO DISMISS

the "minimal procedural criteria" required by providing an opportunity for full hearing and judicial determination.

In considering Oregon's tax remedies, courts in the Ninth Circuit frequently find that they meet the "plain, speedy and efficient" threshold. *See Omann v. United States*, No. cv-03-103-ST, 2003 WL 22327906, at *1 (D. Or. Mar. 19, 2003) ("The statutes and administrative acts of the State of Oregon offer remedies to taxpayers in tax disputes that are sufficient to invoke the Tax Injunction Act."); *Averett*, 2025 WL 3677135, at *5 (collecting cases). Courts in this district often reason that because Oregon law provides for administrative and judicial challenges to agency determinations, it provides a sufficient remedy. *See, e.g., Patterson v. Or. Dep't of Revenue*, No. 6:16-cv-01344-JR, 2016 WL 4154680, at *1 (D. Or. Aug. 2, 2016); *Omann v. United States*, No. cv-03-103-ST, 2003 WL 22327906, at *1 (D. Or. Mar. 19, 2003); *Riddle v. I.R.S.*, No. cv-04-415-ST, 2004 WL 902351, at *4 (D. Or. Apr. 2, 2004), *report and recommendation adopted*, 2004 WL 1418771 (D. Or. June 16, 2004).

Here, taxpayers have administrative and judicial challenges available to contest administration of the Metro SHS Tax. Pursuant to the Metro Code, taxpayers may contest Metro SHS charges with the City. Metro Code § 7.05.160(i). For example, the City has the authority to waive penalties imposed due to underpayment of a tax. Metro Code § 7.05.160(i). If still unsatisfied, as described above, the taxpayer may appeal to the RDAB and then seek relief in Oregon's courts. Oregon law allows for three levels of judicial review, to the Oregon Tax Court Magistrate Division, O.R.S. 305.275(1); to the Regular Division of the Oregon Tax Court, O.R.S. 305.501(5)(a); and to the Oregon Supreme Court, O.R.S. 305.445. This Court has located no authority suggesting that Oregon's mechanisms for judicial review of tax administration fall below the TIA's low threshold.

PAGE 9 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff's arguments for why Oregon's tax remedies fall short of the TIA's plain, speedy and efficient threshold are unpersuasive. Plaintiff argues that the Oregon Tax Court lacked jurisdiction when he filed his complaint on December 25, 2024. Opp'n, ECF 36 at 5. However, Plaintiff does not allege that he first appealed a final administrative determination to the RDAB, a necessary procedural step. *See* O.R.S. 305.275(1). Exhaustion requirements are common and do not render a remedy insufficient. The parties also executed a settlement agreement shortly after in February 2025. *See* FAC, ECF 33 ¶ 18. Second, Plaintiff argues that administrative remedies were inadequate and futile. Opp'n, ECF 36 at 5–6. Plaintiff's argument here is difficult to follow. This Court is required to "narrowly construe[]" the plain, speedy and efficient exception. *Patel*, 310 F.3d at 1142. The Metro Code, as discussed above, provides for administrative review of taxpayer claims concerning the Metro SHS Tax, and Plaintiff has not persuasively explained how that remedy is insufficient. *See Rosewell*, 450 U.S. at 518 (holding a state's remedy sufficient because it "impose[d] no unusual hardship on [a taxpayer] requiring ineffectual activity or an unnecessary expenditure of time or energy"). Plaintiff could have had "a full hearing and judicial determination" in Oregon's state courts, with opportunities for appeal, had he properly followed Oregon law's clear procedures and not settled his claims, which is all the TIA requires. *Averett*, 2025 WL 3677135, at *5.

As this Court lacks subject-matter jurisdiction over Plaintiff's two remaining claims, *see* Fed. R. Civ. P. 12(h)(3), this action must be dismissed.[5]

---

[5] Throughout his First Amended Complaint, Plaintiff appears to take issue with various actions of third parties not in this lawsuit. In granting Defendant Portland Revenue Division and Portland Metro's Motion to Dismiss, this Court does not opine on any collateral issue raised in Plaintiff's First Amended Complaint.

PAGE 10 – OPINION AND ORDER GRANTING MOTION TO DISMISS

## B. Leave to Amend

Defendants ask this Court to dismiss this case without leave to amend. MTD, ECF 34 at 3–4. Dismissal without leave to amend is appropriate where "amend[ment] would be futile because the plaintiff[] cannot state a plausible basis for relief." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Futility exists where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation modified). Here, Plaintiff has already been granted one opportunity to file an amended complaint after Defendants filed a motion to dismiss. *See* Order, ECF 32. Amending would be futile because Plaintiff's "claims are fundamentally a challenge to the imposition of a municipal tax for which there is an available state procedural mechanism, and as such, he cannot cure the defects." *Turner v. City of Sunnyvale*, No. 5:25-cv-05154-BLF, 2026 WL 533098, at *3 (N.D. Cal. Feb. 25, 2026). Because the underlying undisputed facts foreclose this Court's jurisdiction over Plaintiff's procedural due process claims, this Court dismisses without leave to amend.

## CONCLUSION

Defendants' Motion to Dismiss, ECF 34, is GRANTED. Plaintiff's First Amended Complaint, ECF 33, is DISMISSED without leave to amend.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 11 – OPINION AND ORDER GRANTING MOTION TO DISMISS